IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERICA LOERA, INDIVIDUALLY<br>AND AS HEIR TO MARIA LOERA<br>  Plaintiff<br><br>VS.<br><br>WILMINGTON SAVINGS FUND<br>SOCIETY, FSB, DOING BUSINESS AS<br>CHRISTIANA TRUST, NOT IN ITS<br>INDIVIDUAL CAPACITY, BUT<br>SOLELY AS TRUSTEEE FOR BCAT<br>2015-14BTT, AND FAY SERVICING, LLC<br>  Defendants | § § § § § § § § § § § § § § | C.A. NO. 4:20-cv-01012 _____ |

## **DEFENDANTS' NOTICE OF REMOVAL**

Defendants, Wilmington Savings Fund Society, FSB, Doing Business As Christiana Trust, Not in Its Individual Capacity, But Solely As Trustee for BCAT 2015-14BTT ("**Trustee**") and Fay Servicing, LLC ("**Fay**") (both are collectively "**Defendants**") hereby remove this case from the 342nd District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division. Defendants deny the claims and damages alleged in Plaintiff's Original Petition and file this Notice without waiving any claims, defenses, exceptions, or obligations that may exist in their favor in state or federal court.

### I.   INTRODUCTION

1.   On or about August 27, 2020, Plaintiff, Erica Loera individually and as heir to Maria Loera (**"Plaintiff"**) commenced this action by filing Plaintiff's Original Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction (the **"Complaint"**), Cause 342-319135-20 in the 342nd District Court of Tarrant County, Texas (the **"State Court Action"**).   See Exhibit C-1.   Plaintiff obtained an ex parte temporary restraining order in the State Court Action on August 31, 2020.   See Exhibit C-2.   Defendants

have not yet been served with the Complaint but filed an Answer in the State Court Action on September 9, 2020.  See Exhibit C-3.

2. Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of Defendants' first receipt of the initial state court pleading.  *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## II. PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a).  Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III. BASIS FOR REMOVAL

4. This action is within the original jurisdiction of the United States District Court based on federal question jurisdiction.  Furthermore, venue is proper in the Northern District of Texas, Fort Worth Division, under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.

### A. Federal Question Jurisdiction

5. Removal is proper because Plaintiff's suit involves a federal question.  28 U.S.C. §§1331, 1441(b); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  A case arises under 28 U.S.C. §1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." See *Empire Healthchoice Assurance, Inc., v. McVeigh*, 547 U.S. 677, 689-90 (2006).  Further, the Fifth Circuit Court of Appeals has held that "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District

Court to assume jurisdiction over the case and determine whether, in fact, the Act does provide the claimed rights." *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988 (5th Cir. 1988).

6. Among other claims, Plaintiff has alleged violations of Real Estate Settlement Procedures Act ("RESPA").[1] Additionally, Plaintiff has alleged violations of HUD Regulations codified under 24 C.F.R. 203.605 and 203.501.[2] Plaintiff's claims arise under the laws of the United States of America, the United States District Court has original jurisdiction, and removal is appropriate.

7. Additionally, this Court should also exercise supplemental jurisdiction over all claims because they are so related to the federal claims that they form part of the same case or controversy. See 28 U.S.C. § 1367(a). As noted by the Supreme Court, "Section 1367(a) is a broad grant of supplement jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allpattah Servs., Inc.*, 545, 558 (2005).

## IV.   JURY DEMAND

8. Plaintiff has made no known jury demand in the State Court Action.

## V.   CONCLUSION

9. For the foregoing reasons, Defendants ask the Court to remove this suit to the United States District Court for the Northern District of Texas, Fort Worth Division.

---

[1] *See* Complaint at ¶ 9 referencing 12 C.F.R. 1024, et. seq. of RESPA and alleging violations of same.
[2] *See* Complaint at ¶ 28 referencing 24 .C.F.R. 203.605 and 203.501 alleging violations of HUD regulations.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas 77002-2772
    713-220-9182 Telephone
    713-223-9319 Facsimile
    Email: mhord@hirschwest.com
    Email: emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of September, 2020, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with **Federal Rule of Civil Procedure 5(b)** as follows:

Robert C. Newark, III
A Newark Firm
1341 W. Mockingbird Lane, Suite 600W
**Email and ECF**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.